UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ARTHUR W. WILDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:23-cv-00087-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MARTIN O'MALLEY, *Commissioner of* | ) | **&** |
| *Social Security*, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Plaintiff Arthur Wilds seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner of Social Security's administrative decision denying his application for Disability Insurance Benefits and Supplemental Security Income. For the reasons stated below, the Court will **DENY** Wilds' Motion for Summary Judgment [R. 11] and **GRANT** that of the Commissioner [R. 14].

**I**

Mr. Wilds filed a prior application that was denied on July 22, 2015. [R. 11.] On July 18, 2016, Mr. Wilds filed his current application for benefits. *Id.* His application was denied initially and upon reconsideration. *Id.* Wilds then submitted a written request for a hearing. *Id.* Administrative Law Judge Greg Holsclaw conducted a hearing on May 16, 2018. *Id.* The ALJ issued a decision on October 18, 2019, denying Mr. Wilds benefits. *Id.* Mr. Wilds requested review of the ALJ's decision with the Appeals Council. The Appeals Council refused to review the ALJ's decision on August 1, 2019. *Id.* Mr. Wilds sought judicial review, and the Court remanded Mr. Wilds' claim to the Commissioner. *Id.* Mr. Wilds filed a Supplemental Security

Income application on May 5, 2020, which was consolidated with his prior application on remand. *Id.* A new hearing was held with ALJ Jonathan Stanely on March 23, 2021. On May 20, 2021, ALJ Stanley issued a partially favorable decision, followed by a corrected decision on July 8, 2021. *Id.* The ALJ found that Mr. Wilds was disabled as of the date of his Supplemental Security Income application. *Id.* Mr. Wilds filed an appeal with the Appeals Council, and on March 13, 2023, the Appeals Council denied the request. *Id.* The Plaintiff then filed a Complaint with this Court seeking judicial review.

In evaluating a claim of disability, the ALJ conducts a five-step analysis. *See* 20 C.F.R. § 404.1520.[1] First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." 20 C.F.R. § 404.1520(d). Before moving to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

despite any impairments experienced by the individual.  *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.  Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled."   20 C.F.R. § 404.1520(e).  The plaintiff has the ultimate burden of proving compliance with the first four steps.  *Kyle v. Comm'r Of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010).   Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, he is "disabled."  20 C.F.R. § 404.1520(f).

In the most recent administrative proceedings, ALJ Stanley found that Mr. Wilds was disabled as of the date of his Supplemental Security Income application.[2]  In other words, the ALJ concluded that Wilds became disabled on March 5, 2020, as opposed to Mr. Wilds contention that he became disabled on July 23, 2015.  Wilds argues that the ALJ's decision denied him of Title II disability because Mr. Wilds date last insured expired on March 31, 2017, meaning that when he became disabled on March 5, 2020, he was ineligible for Title II disability as he was not insured.

In reaching this conclusion, ALJ Stanley performed the requisite five-step analysis.  At Step One, ALJ Stanley found that Wilds "has not engaged in substantial gainful activity."  [R. 7-8 at 17.]  At Step Two, the ALJ found that Wilds had the following severe impairments:

> (1) Degenerative disc disease of the thoracic and lumbar spine; (2) Degenerative joint disease of the right shoulder, status post arthroscopic right rotator cuff repair; (3) Bilateral carpal tunnel syndrome by report; (4) Osteoarthritis/unspecified polyosteoarthritis; (5) Chronic pain syndrome; (6)

---

[2] There was a prior administrative proceeding held on October 18, 2018, in which the ALJ Holsclaw concluded that Mr. Wilds was not disabled.  [R. 7-2.]  Because that decision has been supplanted by the most recent ALJ decision [R. 7-8], which is the focus of the Plaintiff's Summary Judgment Motion, the Court's opinion focuses on ALJ Stanley's opinion.

Diabetes mellitus, type 2 with peripheral neuropathy / polyneuropathy; (7) Edema of lower extremities; (8) Coronary artery disease, status post stent placement; (9) Hypertension; (10) Astigmatism; (11) Presbyopia; (12) Hyperopia; (13) Strabismic amblyopia; (14) Exotropia; and (15) Obesity.

*Id.*

At Step Three, the ALJ concluded that Wilds did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, and 416.920(d), 416.925 and 416,926)," so his analysis continued to the next step. *Id.* at 18. At Step Four, the ALJ concluded that Wilds had an RFC to do "sedentary work" subject to certain non-exertional limitations. *Id.* These limitations include:

> [H]e can frequently push and pull using the upper extremities; can occasionally push and pull using the lower extremities; can occasionally climb stairs and ramps, but cannot climb ropes, ladders, and scaffolds; can occasionally balance (with "balancing" defined as maintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces); can occasionally stoop, kneel, crouch, and crawl; can occasionally reach overhead bilaterally; can frequently handle and finger; can occasionally operate foot controls; requires use of a handheld assistive device, such as a cane when ambulating distances of more than 50 feet; must avoid concentrated exposure to extreme cold, humidity, and vibration; cannot operate commercial vehicles; can frequently read computer screens and fine print, and handle small objects; can avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles, but cannot work at unprotected heights or around hazards, such as heavy equipment.

*Id.*

At Step Five, the ALJ found that "prior to December 20, 2017" and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have perform." *Id.* at 24. However, "[b]eginning on March 5, 2020 . . . there are no jobs that exist in significant numbers in the national economy that the claimant could perform." *Id.* at 25. As a result, he

4

concluded that Mr. Wilds was disabled beginning on March 5, 2020.  *Id.*  The Appeals Council

declined to review the case on March 13, 2023.  *Id.* at 2.  Wilds now seeks judicial review in this

Court.

## II

This Court's review is limited to determining whether there is substantial evidence in the

record to support the ALJ's decision.  42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611,

614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987).  "Substantial

evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v.

Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*,

402 U.S. 389, 401 (1971)).  The substantial evidence standard "presupposes that there is a zone

of choice within which [administrative] decisionmakers can go either way, without interference

by the courts."  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quoting *Baker v.

Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In determining the existence of substantial evidence, courts must examine the record as a

whole.  *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535

(6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)).  However, a reviewing court may not

conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.

*Ulman v. Comm'r of Soc. Sec*., 693 F.3d 709, 713 (6th Cir. 2012) (citation omitted); *see also

Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Rather, if the

Commissioner's decision is supported by substantial evidence, it must be affirmed even if the

reviewing court would decide the matter differently and even if substantial evidence also

supports the opposite conclusion.  *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Mr. Wilds' only argument is that ALJ Stanley failed to adequately account for Dr. Pennington's treating source opinion regarding Mr. Wilds' need for an assistive device.  More specifically, "the ALJ failed to include Dr. Pennington's opinion regarding Mr. Wilds' need for the cane when creating the residual functional capacity."  [R. 11 at 10.]  Dr. Pennington was Mr. Wilds' primary treating physician.  [R. 11 at 8.]  Under 20 C.F.R. § 404.1527(d)(2), a medical source's opinion on the issues of the nature and severity of a claimant's impairments is given controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with other substantial evidence in [the] case record."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)).

Ultimately, ALJ Stanley found that prior to Wilds' disability date, Wilds impairment limited him to sedentary work activity.  In reaching this conclusion, the ALJ explained that he afforded weight to Dr. Pennington's opinion.  Specifically, in considering Dr. Pennington's opinion, the ALJ concluded that, as part of the Plaintiff's RFC, that the Plaintiff "required a cane to use with assistance in ambulation and balancing and that the claimant could only walk 50 feet without the assistive device."  [R. 7-8 at 22.]  Because the ALJ included Dr. Pennington's statement that Plaintiff needs a cane for ambulation and balancing, coupled with the fact that the ALJ explicitly acknowledged that he accorded great weight to Dr. Pennington's opinion, negates the Plaintiff's argument that the ALJ failed to account for Dr. Pennington's opinion.  *Id.* at 35. Thus, the ALJ's RFC finding properly accounts for Dr. Pennington's opinion. This Court's role is not to resolve the alleged conflict in the evidence, but to determine if substantial evidence

supports the ALJ's decision. *Ulman*, 693 F.3d at 713. Further, it is well settled law in this Circuit that the ALJ is not required to incorporate the entirety of the treating physician's opinion. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). There is substantial evidence that the ALJ adequately accounted for Dr. Pennington's Opinion, precluding this Court from reversing the ALJ. *Id.*

## III

Thus, after reviewing the record, the Court finds that the ALJ's decision finding Mr. Wilds is not disabled is supported by substantial evidence. Even if the evidence could also support another conclusion, the ALJ's decision must stand because the evidence reasonably supports his conclusion. *See Her*, 203 F.3d at 389-90; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

**ACCORDINGLY**, and the Court being sufficiently advised, it is hereby ordered as follows:

(1) Mr. Wilds' Motion for Summary Judgment [R. 11] is **DENIED**; and;

(2) **JUDGMENT** in favor of the Commissioner will be entered contemporaneously herewith.

This the 19th day of March, 2024.

Gregory F. Van Tatenhove
United States District Judge